IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BILLY MILLS                                                                        PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:08cv689-HTW-LRA

WARDEN BRIAN LADNER
AND ROCHELLE WALKER                                                DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 15th day of April, 2009, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. Billy Mills [hereinafter "Plaintiff"] appeared *pro se,* and Defendant Warden Ladner was represented by attorney Charles B. Irvin, Office of the Attorney General of Mississippi.

The Court scheduled this hearing to function as a scheduling/case management conference, a discovery conference, and as a pretrial conference. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915A. This statute requires the Court to screen prisoner complaints when a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The provisions for the review are stated in the statute as follows:

> (b) **Grounds for dismissal.**----- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-----
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

Although an initial screening was performed in this case prior to the entry of the Order directing that process be served on Defendants, this hearing allowed the Court to reconsider Plaintiff's claims after hearing him explain his case under oath. The hearing also facilitates the Court's intentions of insuring all parties the just, speedy and inexpensive determination of Plaintiff's claims. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

## 1. JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff has been incarcerated in the custody of the Mississippi Department of Corrections at the Central Mississippi Correctional Facility ["CMCF"] in Pearl, Mississippi, since February, 2008. Plaintiff testified under oath regarding the circumstances which led to his filing of the Complaint.

According to Plaintiff's sworn testimony, he has been disabled due to back injuries he sustained in a 1994 vehicular accident. He has been trying to get basic medical treatment since his arrival at the prison. He concedes that he has been examined by lots of physicians, but he has never gotten his prescribed medications refilled properly. An MRI and two or three sets of x-rays have been taken by the medical staff. Three of the doctors he has seen in the last two years have left. After he completes the paperwork to request a medical appointment, it may take five-seven days before he hears anything. The follow-ups are inadequate, and on one occasion it took twenty-two days to see a doctor.

Plaintiff complains primarily of two things. First, he no longer has a state issued chair. There are 89 other inmates besides him; thirty have chairs, and sixty do not have chairs. Only those assigned to a top rack had chairs; Plaintiff is on a bottom rack. Lt. Funches told him that this was MDOC policy. According to Plaintiff, officers are making a medical decision in deciding who is assigned chairs and who is not. Plaintiff conceded that there is no medical order stating that he needed an assigned chair.

Secondly, Plaintiff requests a complete physical. He is not getting the correct prescription for his migraine headaches or for his spinal problems. His medication for pain is continually decreased. Other than his discomfort from the pain, he has no additional injuries. However, his back will worsen since he gets no back support whatsoever.

Plaintiff stated that he named Warden Brian Ladner because he is the supervisor over the zone and gave the orders to seize the chairs. He named Rochelle Walker because she is the doctor who denied him the medical update and refused to sign an order that would get him a chair. Dr. Walker agreed with the guards that the issuance of the chair was not a medical issue. Defense counsel informed the Court that Rochelle Walker has not been properly served with process, and he does not represent her in this cause. No current address was provided, and she no longer is employed at CMCF.

### 2. **DISCOVERY ISSUES and PENDING MOTIONS**

Plaintiff tendered a copy of his medical files to the Court for the period of time immediately prior to his incarceration, and these files were accepted as Exhibit A. Defense counsel is directed to submit an authenticated copy of Plaintiff's medical records from MDOC to the Court, along with a copy to Plaintiff, on or before August 14, 2009.

Plaintiff filed a motion to subpoena his medical records [#17]; this motion is DENIED as moot due to the directions set forth above. Plaintiff also requested a temporary restraining order [#18]. The undersigned has considered his request, and finds that he has failed to prove the elements required for temporary injunctive relief under *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987), and its progeny. Accordingly, that motion is HEREBY DENIED. Plaintiff filed a "Motion to Reiterate Enforcement of Prior Court Order Not Fulfilled" [#26] regarding the request for a temporary order directing that his chair be returned. The required elements have not been shown, and the law does not allow this Court to direct Defendant to return the chair. This motion is HEREBY DENIED. Plaintiff also requests his medical records; the Court has directed defense counsel to provide these by the date set forth above.

Plaintiff has also filed a "Motion to Induct Responsible Defendant" [#25], requesting that a new defendant, Mr. Danny Perry, acting director of Wexford Health Services, be added, and that Rochelle Walker be included in this suit. The Court finds that the charges against these persons set forth in the motion do not state a constitutional cause of action, and the motion to induct them is HEREBY DENIED. Plaintiff may file a new Complaint against these persons, setting forth claims upon which relief may be granted. Dr. Walker has not been properly served in the instant case; no current address for her has been provided and she could not be served even if the amendments were allowed.

### 3. **TRIAL WITNESSES**

Plaintiff has requested that the following persons be brought to trial to testify on his behalf:

1. JOHN SAQUING, MDOC #114935, CMCF
2. DONALD COUSAR, MDOC #L1654, CMCF
3. TIMOTHY NELSON, MDOC #12316
4. GEORGE GWINN, #MDOC 124544
5. HENRY HUNTLY, MDOC #126735, PARCHMAN
6. JOHN L. TURNER, MDOC #37979, CMCF
7. GREG SEWARD, MDOC #118055

If a trial is conducted in this cause, four of the above inmate witnesses will be brought to testify on his behalf. At the direction of the undersigned, Plaintiff chose DONALD COUSAR, GEORGE GWINN, HENRY HUNTLY, AND GREG SEWARD, as the witnesses to be brought.

Plaintiff is advised that he may call any free world witnesses; however, it will be his responsibility to secure these witnesses at the trial of this cause. Or, upon the payment of a $40 witness fee, plus mileage costs, along with the complete address of where the witness may be found, Plaintiff may request the Court to cause a subpoena to be issued for a free world witness. The request should be made at least 14 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

It is probable that this case will be determined by a review of Plaintiff's medical records and by a consideration of dispositive motions to be filed by the parties; there do not appear to be genuine factual disputes at issue. The issues involve whether or not the

medical care provided to Plaintiff is so inadequate as to violate the United States Constitution and whether or not the law requires that Plaintiff be provided a chair due to his disability. Medical affidavits may be submitted by either party in support of the motions.

**4.    PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this Order shall stand in lieu of a pretrial order.

IT IS, THEREFORE, ORDERED:

1. Defense counsel is directed to produce to Plaintiff copies of Plaintiff's medical records and jail file on or before August 24, 2009.

2. Any motions, dispositive or non-dispositive, shall be filed on or before September 30, 2009.

3. The motions set forth above, numbers 17, 18, 25, and 26, are DENIED for the reasons set forth above.

4. Plaintiff is advised that process has not been properly served on ROCHELLE WALKER. If he submits a current address, the Court will re-issue process as to the original complaint. Otherwise, the case cannot proceed against her and will be dismissed for failure to serve process within 120 days from the filing of the Complaint.

SO ORDERED, this the 17th day of July, 2009.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE