**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**BILLY MILLS, #116405**                                                          **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO: 3:08-CV-689-LRA**

**CHRISTOPHER EPPS, ET AL**                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

THIS CAUSE is before the Court on the Motion for Summary Judgment [ECF No. 67] filed by Defendant Brian Ladner. Dr. Rochelle Walker is also a Defendant in this case, but she has not made an appearance of record.[1] Omnibus hearings were conducted on April 15, 2009, and April 12, 2010. These hearings were scheduled to function as scheduling/case management conferences, discovery conferences, and as pretrial conferences. The hearings were also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915(e)(2).

The Court has considered the pleadings, Plaintiff Mills's sworn testimony given at the omnibus hearings, his medical records, and the applicable law. The Court has also considered the evidence contained in the exhibits attached to Defendant Ladner's Motion for Summary Judgment, including his sworn Affidavit; Plaintiff's Housing Records; and, Plaintiff's ARP. This review compels the Court to find that the motion is meritorious and should be granted. Mills has failed to state a cause of action upon which relief could be

---

[1]According to defense counsel, Dr. Walker was no longer employed at CMCF and had moved to Alabama prior to the attempted service. Counsel has no forwarding address and does not represent Dr. Walker or make an appearance on her behalf. She was not personally served and has filed no Answer.

granted as to either Defendant,[2] and the Complaint shall be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2).

1. **Facts**[3]

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff was incarcerated in the custody of the Mississippi Department of Corrections ["MDOC"] at the Central Mississippi Correctional Facility ["CMCF"] in Pearl, Mississippi, from February 2008 until July 2011.  Plaintiff testified under oath regarding the circumstances which led to his filing of the Complaint.

According to Plaintiff's sworn testimony, he is disabled due to back injuries he sustained in a 1994 vehicular accident.  He is in continuous pain due to degenerative disc disease.  He had spinal surgery in 2004 and came into MDOC custody in 2005.  He also suffers from migraine headaches.  He contends that he has tried unsuccessfully to get basic medical treatment since his arrival at the prison.  Although he has been examined by numerous physicians, he never received the refills of his prescribed medications in a timely or consistent manner.   An MRI and two or three sets of x-rays have been taken by the medical staff.  Three of the doctors he has seen in the last two years have left.  After he completes the paperwork to request a medical appointment, it usually takes five to seven days before he hears anything.  The follow-ups are inadequate, and on one occasion it took 22 days to see a doctor.

Plaintiff complains primarily of two things.  First, he no longer has a state issued chair.  There are 89 other inmates housed at CMCF in his unit; 30 have chairs, and 60 do not have chairs.  Only those assigned to a top rack have chairs; Plaintiff is on a bottom

---

[2]The Court notes that Plaintiff requested to amend his Complaint to add approximately 25 additional defendants, and this Court denied the motion.  ECF No. 60.

[3]The facts are taken primarily from Plaintiff's Complaint and other pleadings, his omnibus hearing testimony, and his medical records, and are presented in a light most favorable to Plaintiff.

rack. Lt. Funches told him that this was MDOC policy because prisoners on the bottom bunk could sit on their bunks. According to Plaintiff, officers are making a medical decision in deciding who is assigned chairs and who is not. He contends that Defendant Ladner actually took his chair, and that Ladner made a medical decision without consulting his medical providers. Plaintiff conceded that there is no medical order stating that he needed an assigned chair.

Secondly, Plaintiff requested a complete physical. He contends that he did not get the correct prescription for his migraine headaches or for his spinal problems. His medication for pain was continually decreased. Other than his discomfort from the pain, he has no additional injuries. However, his back will worsen in prison since he gets no back support whatsoever.

Plaintiff stated that he named Warden Brian Ladner because he is the supervisor over the zone and gave the orders to seize the chairs. He named Rochelle Walker because she is the doctor who denied him the medical update and refused to sign an order that would get him a chair. According to Plaintiff, Dr. Walker agreed with the guards that the issuance of the chair was not a medical issue.

Plaintiff's entire case is based upon his complaints about the medical care he received while housed at CMCF.

2. **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient

showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

3. **Legal Analysis**

   A. **Medical Care**

In his Affidavit dated February 24, 2011, ECF No. 67-1, pp. 1-2, Defendant Ladner stated that he has no medical expertise to recommend any type of medical care for inmates, and that their medical care is at the recommendation and discretion of Wexford Health Services. He also contends that the use of chairs is not a right but a privilege, and that the number of chairs available for use in a unit is based upon the number of top bunks in a unit. Inmates assigned to a bottom bunk are expected to sit on the bunk, as needed, and Inmate Mills was assigned a bottom bunk due to his medical classification.

Based upon the unrebutted medical evidence, shown through Mills's medical records, no constitutional claim has been stated. Deliberate indifference to a prisoner's serious medical needs is an actionable Eighth Amendment violation under §1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976). The standard for finding "deliberate indifference" is a "subjective recklessness" inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The conduct must result in "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1997).

Mills must show that Defendant Ladner, and/or Dr. Walker, were actually aware of a risk of harm to him, yet consciously disregarded or ignored it. *Id.* The evidence reveals that Defendant Ladner was not in charge of Plaintiff's medical care, and that the

assignment of chairs was not a medical decision but a logistical matter. Plaintiff claims that Dr. Walker refused to write him a prescription for the chair. Whether or not he medically required a chair was a decision of medical judgment on the part of Dr. Walker and does not implicate the Constitution.

Plaintiff contends that the physicians at the CMCF clinic changed regularly, and he did not receive consistent care. Often he did not receive the medications he was prescribed. He did not get the chronic care that his condition necessitated. Yet the medical records confirm that Mills was treated regularly in a timely fashion and has never been at risk for serious harm due to the prison's failure to provide him with medical treatment. He has received numerous medical examinations throughout his incarceration at CMCF, by physicians and nurses and other medical personnel. Although he may have missed doses of medications on occasions, or his refills were not provided timely, his records confirm that his medical care was constantly provided. The records also confirm that he did not suffer any serious injury or decline due to the health care provided at CMCF.

In *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), the Court of Appeals for the Fifth Circuit summarized the case law regarding the standard of "deliberate indifference" to the medical concerns of prisoners in part as follows:

> ... A prison official acts with deliberate indifference "only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it." Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. "Furthermore, the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" "Deliberate indifference 'is an extremely high standard to meet.'"

5

*Id.* at 346 (citations and footnotes omitted).

Mills's medical records confirm he received conservative, regular care during his stay at CMCF. This regular treatment prevents any finding that Plaintiff was being mistreated or neglected by these Defendants, or that either Defendant acted with subjective deliberate indifference to his serious medical needs. Defendant Ladner had no role in Plaintiff's medical care, as he was not a medical provider. As quoted above from *Gobert*, "deliberate indifference" is an extremely high standard to meet, and a prisoner's disagreement with his medical care does not ordinarily meet that standard.

In this case, Plaintiff wanted to see chronic care specialists and was not pleased with the quality of the care he received or the promptness of care provided. He thinks Defendant Ladner made a "medical decision" by not allowing him a chair, but he has no evidence to show that the chair was medically necessary. Only his unsubstantiated conclusions support such a finding. He has pointed to no evidence that would suggest that he was not treated for his serious medical needs.

Numerous requests for treatment are contained in his medical records, and a follow-up for the requests are included. Under the circumstances in this case, the high standard of deliberate indifference cannot be met.

At the omnibus hearing, Plaintiff described his complaints regarding the medical care he received as "medical negligence." Yet the Fifth Circuit Court of Appeals has clearly stated that *negligent medical care does not constitute a valid section 1983 claim*. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).[4] Plaintiff contends that there were delays in being allowed to see the doctors, sometimes up to seven-ten days. He also

---

[4]In fact, 42 U.S.C. § 1983 has never been interpreted to provide that simple negligence on the part of a prison official is a basis for a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 414 U.S. 344 (1986).

did not receive his refills in a timely manner.  But delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, *which results in substantial harm. Id.,* citing *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) (delay must constitute "deliberate indifference").  *See also Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Thomas v. Kipperman*, 846 F.2d 1009, 1011 (5th Cir. 1988); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (delay must result in "substantial harm").

Additionally, as the Fifth Circuit has stated, "[d]eliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind."  *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).  This is so even if the negligence includes failure to follow recommendations of another physician, so long as the treating physicians do not deny, substantially delay, or intentionally interfere with a plaintiff's medical treatment.  *Hall*, 190 F.3d 693; *Stewart v. Murphy*, 174 F.3d 530 (5th Cir. 1999).

To defeat a summary judgment motion, Mills must rely on specific evidence in the record and articulate the precise manner in which that evidence supports his claims.  *Stults v. Conoco, Inc.,* 76 F.3d 651, 656 (5th Cir. 1996).  He cannot rely on unsubstantiated, conclusory assertions or merely present a scintilla of evidence.  *Fiesel v. Cherry,* 294 F.3d 664, 667 (5th Cir. 2002), *citing Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).  Plaintiff has not pointed to any objective medical evidence in his records which would support his claims that his medical care for a "serious medical condition" was constitutionally inadequate.  Mills has failed to rebut the evidence presented by Defendant Ladner regarding his medical care, and Defendants are entitled to a judgment at law.  His claims are frivolous under 28 U.S.C. § 1915(d) and must be dismissed.

    B.    **Qualified Immunity**

Defendant Ladner claims that he is protected from this lawsuit due to the doctrine of qualified immunity. The Court agrees. "Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). The immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 457 U.S. 335, 341 (1986). To overcome the immunity, a plaintiff must show that there has been a violation of a clearly established federal constitutional or statutory right. They must also show that the official's actions violated that right to the extent that an objectively reasonable person would have known. *Id.*, omitting citation.

The threshold question is whether Plaintiff's allegations establish a constitutional violation. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). As discussed herein, Mills has failed to state a constitutional violation under the applicable law. Accordingly, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 199 (2001); *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (court may rely on either prong of defense of qualified immunity). Defendant is immune from this suit and must be dismissed.

The Court notes that Defendant Ladner is an Associate Warden at CMCF, and he was named by Plaintiff primarily due to his supervisory position. Plaintiff did not specify any real personal involvement of Ladner in his medical care, except for his decision to enforce the regulation regarding the chairs. "There is no vicarious or respondeat superior liability of supervisors under § 1983. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006). "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." Plaintiff has failed to

8

make a showing of Defendant's personal involvement, and the claims also fail for this reason.

C. **Others Named as Defendants**

The Court has also considered Plaintiff's claims regarding his medical care as to Defendant Dr. Walker, who no longer works at CMCF and never entered an appearance in this case. The claims against Dr. Walker have been considered on the merits and are found to be frivolous under the law as set forth herein.

The Court has also considered the claims against the approximately 25 proposed defendants Plaintiff requested to name, including the other doctors who treated him at CMCF [Drs. Webb, Moore, and Perry], Wexford Health Sources, Inc., members of the Medical Referral Committee and the Medical Compliance Committee, and other MDOC and Wexford employees. Plaintiff complained that these persons participated in the "continued and repeated negligent denial of medical care" provided him at CMCF. Because negligence is not actionable under 42 U.S.C. § 1983, the Court finds that Plaintiff failed to state a constitutional claim against any of these persons for the reasons set forth herein. Plaintiff suffered no prejudice by the Court denying him leave of Court to amend his Complaint.

4. **Conclusion**

The Court finds that Plaintiff's Complaint should be dismissed due to his failure to state a claim upon which relief may be granted and as legally frivolous under 28 U.S.C. § 1915(e)(2). Further, there are no genuine issues as to any material fact in this case, and Defendants are entitled to a judgment at law. Accordingly, Defendant Ladner's Motion for Summary Judgment [ECF No. 67], is hereby granted, and the Complaint filed by Billy Mills is dismissed with prejudice. Final Judgment in favor of all Defendants shall be entered on this date.

Since this case is dismissed under 28 U.S.C. § 1915(e)(2), a provision of the Prison Litigation Reform Act, it will be counted as a "Strike."[5]  If Mills receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

SO ORDERED, this the 19th day of September 2011.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[5] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."